UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE WILLIAMS,

    Plaintiff,

v.

NORBERT FRONCZAK,

    Defendant.

Case No. 20-cv-10584
Hon. Matthew F. Leitman

_____/

**ORDER (1) GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT AND (2) TERMINATING DEFENDANT'S MOTION TO DISMISS (ECF No. 32) AS MOOT**

Plaintiff Maurice Williams is a state inmate in the custody of the Michigan Department of Corrections. At all relevant times, Williams was incarcerated at the Macomb Correctional Facility (the "MRF"). Defendant Nobert Fronczak is an assistant librarian at the MRF.

In this action, Williams alleges that Fronczak violated his constitutional rights by (1) retaliating against him for filing a grievance against Fronczak and (2) denying him access to the courts. (*See* First Am. Compl., ECF No. 25.) Williams further alleges that Fronczak engaged in the intentional infliction of emotional distress under Michigan law. (*See id*.)

Fronczak moved to dismiss Williams' claims on July 14, 2021, on several grounds. (*See* Mot., ECF No. 32.) He argued, among other things, that he was

1

entitled to qualified immunity from Williams' constitutional claims (*see id.*) and that Williams had "fail[ed] to allege sufficient facts establishing extreme and outrageous conduct to support a claim for [the] intentional infliction of emotional distress." (Fronczak Reply Br., ECF No. 34, PageID.358.)  The Court held a hearing on the motion on March 15, 2022.

The Court concludes that some of Williams' claims, as currently pleaded, may not be plausible.  However, Williams could amend those claims to add additional facts that could push his allegations beyond the plausibility threshold.  The Court will therefore **GRANT** Williams leave to amend and **TERMINATE** Fronczak's motion to dismiss as moot.

As noted above, one of Williams' claims is that Fronczak denied him access to the courts.  In that claim, Williams alleges that Fronczak "prohibit[ed] him from obtaining adequate legal resources in a timely fashion, thereby preventing [him] from filing a timely [motion for] reconsideration in support of his Application for Leave to Appeal to the Michigan Supreme Court." (First Am. Compl. at ¶1, ECF No. 25, PageID.174-175.)  In order "[t]o substantiate his claim for denial of access to the courts, [Williams] needed to plead," among other things, "the underlying claim and facts to support it, so that [this Court] could ensure that what was lost was a 'non-frivolous' claim." *Brown v. Matausak*, 415 F. App'x 608, 613 (6th Cir. 2011). *See also Hadix v. Johnson*, 182 F.3d 400, (6th Cir. 1999) (explaining that the

Supreme Court's decision in *Lewis v. Casey*, 518 U.S. 343 (1996) "explicitly requir[es] that plaintiffs show actual prejudice to non-frivolous claims" in order to state a viable denial of access to the courts claim). But Williams has not pleaded any facts about his underlying motion for reconsideration. He has not pleaded any facts about his underlying appeal, about the arguments he presented to the Michigan appellate courts and the opposing arguments presented by the prosecutor, about why the Michigan appellate courts rejected his appeal, and/or about the arguments he attempted to raise in his motion for reconsideration. Nor has he provided the Court any basis under which it could determine whether the arguments raised in the motion for reconsideration were non-frivolous. Under these circumstances – and especially in light of the strict standards that govern a motion for reconsideration in the Michigan Supreme Court, *see* Mich. Ct. Rule 7.311(G) (incorporating standard from Mich. Ct. Rule 2.119(F)(3) – Williams has not pleaded enough facts to permit the Court to conclude that his motion for reconsideration was non-frivolous. *See, e.g.*, *Brown*, 415 F. App'x at 615 (holding that a plaintiff's denial of access claim was "entirely conclusory because he failed to allege the exact nature of the claims he sought to present to the Michigan courts" and "his complaint [therefore] failed to show that his underlying claims were non-frivolous"). But Williams could potentially cure those deficiencies in a Second Amended Complaint by pleading

3

additional facts, including but not necessarily limited to those that the Court has identified above.

As further noted above, in the First Amended Complaint, Williams brings an intentional infliction of emotional distress claim against Fronczak. In support of this claim, Williams says, among other things, that Fronczak placed him in fear for his safety by "falsely express[ing] to other inmates that [] Williams had authority to provide library access, thus inciting tensions between [] Williams and other inmates." (First Am. Compl. at ¶50, ECF No. 25, PageID.185.) "This claim requires a plaintiff to show: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Jones v. Muskegon Cty.*, 625 F.3d 935, 948 (6th Cir. 2010). Here, it is not clear that Williams has plausibly alleged the fourth element of his claim – that Fronczak's conduct caused him to suffer "severe emotional distress." In the First Amended Complaint, Williams' allegations regarding the distress Fronczak caused him to suffer are included in a single, conclusory paragraph:

> As a direct and proximate result of said intentional, willful, wanton, reckless and callously indifferent conduct to Plaintiff's federally protected rights by Defendant Fronczak, Plaintiff has suffered severe and lasting physical injuries, mental anguish, pain and suffering, loss of enjoyment of life, humiliation degradation, and incurred medical expenses, all past, present and future, and other damages as described herein.

(First Am. Compl. at ¶119, ECF No. 25, PageID.199-200.)  But Williams has not alleged any specific facts about the "severe and lasting physical injuries, "mental anguish," "medical expenses," or "loss of enjoyment of life."  The Court believes that Williams may be able to plead such facts – especially as it pertains to his allegation that Fronczak placed him in fear for his safety by telling other inmates that Williams had access to legal materials that Williams did not actually have – and concludes that it would be appropriate to give him the opportunity to do so.

Since the Court would allow Williams to amend his First Amended Complaint even if the Court concluded that it was subject to dismissal, the Court concludes that the best course of action for the sake of judicial efficiency is to allow Williams to file a Second Amended Complaint now.  In that amended pleading, he may attempt to remedy the pleading deficiencies identified by the Court above and the alleged pleading deficiencies alleged by Fronczak in the motion to dismiss.  Once Williams files his Second Amended Complaint, Fronczak may file a new motion to dismiss if he concludes that the amended pleading is subject to dismissal.  In that motion, Fronczak may re-raise all of the arguments that he raised in his initial motion to dismiss – including by not limited to his argument that Williams failed to exhaust his claims[1] – and may address any amendments made by Williams.

---

[1] For the reasons explained during the Court's colloquy with defense counsel at the motion hearing, it concludes that Fronczak's failure-to-exhaust defense is most appropriately resolved by way of a motion for summary judgment after the close of

Before the Court sets a schedule for Williams' Second Amended Complaint and Fronczak's renewed motion to dismiss, it will schedule a status conference with counsel to discuss these filings. The parties shall not file any additional documents in this case until the conclusion of that status conference.

**IT IS SO ORDERED**.

Dated: March 16, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 16, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

---

discovery, if the case proceeds to discovery. But Fronczak may nonetheless raise his failure-to-exhaust defense in a new motion to dismiss in order to preserve his argument.